IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Willie Frank James, Jr., | ) | Civil Action No. 2:18-cv-1031-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Southeastern Grocers, LLC, Dan Faketty, | ) | |
| Jennifer Powers, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 74) recommending that the Court grant in part Defendant Southeastern Grocers, LLC's ("Southeastern") motion for sanctions (Dkt. No. 66) and impose monetary sanctions and, if the sanctions are not paid, dismiss the case with prejudice. For the reasons set forth below, the Court adopts the R & R and grants in part Defendant Southeastern's motion.

I.  **Background**

Plaintiff filed this employment action on April 16, 2018, alleging that his former employer, Defendant Southeastern Grocers LLC, unlawfully subjected him to unequal terms of employment and terminated him because of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Dkt. No. 1.)[1] Plaintiff is proceeding *pro se* and *in forma pauperis*. (Dkt. No. 19.) Nonetheless, Plaintiff has engaged in repeated failures to comply with discovery requirements, deadlines and court orders over the course of approximately five months. In brief, Plaintiff failed to respond to Defendant's initial set of discovery requests and failed to respond to a Motion to

---

[1] This is the second time an R & R has come before the Court in this case, with the Court previously adopting an R & R and dismissing the two individual defendants, Patrick Johnson and Jennifer Powers. (Dkt. No. 45.)

Compel. When the Magistrate Judge ultimately ordered that Plaintiff respond to Defendant's discovery requests by April 18, 2019, warning that failure to do so could result in dismissal of the action, the Plaintiff requested an extension, which the Court granted to May 22, 2019. (Dkt. No. 53, 56.) Nonetheless, Plaintiff failed to respond to the document requests by May 22, 2019 and did not respond to any email communication from Defendant's counsel.[2] The Magistrate Judge also set a status conference for May 1, 2019, which Plaintiff failed to appear for.

Defendant filed this motion for sanctions on June 4, 2019. (Dkt. No. 66.) Later that same day, Plaintiff filed a "Response to Interrogatory" with the Court. (Dkt. No. 68.) In addition to there being no indication that Plaintiff's response had been served on Defendant, the response only responded to the first interrogatory, leaving unproduced responses to Defendant's other fifteen interrogatories and multiple document requests. Defendant ultimately cancelled Plaintiff's deposition, which had been scheduled for June 11, 2019, because, as Defendant contends, it would be a waste of time without discovery responses. (Dkt. No. 73 at 5.) Plaintiff responded in opposition to the motion for sanctions, arguing that he had not received prior discovery requests from Defendant as they had been served via FedEx, that he has since complied with all requests as needed, including providing his phone number, email address and responses to interrogatories. (Dkt. No. 72.) However, the majority of discovery requests seemingly remain outstanding.

On June 19, 2019, the Magistrate Judge issued an R & R, granting in part Defendant's motion for sanctions given Plaintiff's repeated failure to comply with discovery duties and orders of the court. (Dkt. No. 74.) The Magistrate Judge recommended a monetary penalty of $250.00

---

[2] Plaintiff also missed a court-ordered deadline of May 3, 2019, to provide his email, phone number and mailing address. (Dkt. No. 60.) Plaintiff ultimately filed his mailing address with the Court on May 8, 2019, and Defendant obtained his email address on May 14, 2019. (Dkt. No. 65; 73 at 5 n.3.)

and, if unpaid by an appropriate deadline, dismissal of the case with prejudice. Plaintiff has not filed objections.

## II. <u>Legal Standard</u>

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Plaintiff did not file objections and therefore the R & R is reviewed for clear error.

### B. Sanctions

Rules 37 and 41 of the Federal Rules of Civil Procedure are part of a court's "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2014 WL 37662, at *3 (E.D. Va. Jan. 3, 2014) *citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Under Rule 37, a court must determine:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). A court must apply a similar four-part test when determining whether to dismiss under Rule 41:

> (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990). The standard for Rules 37 and 41 is "virtually the same." *Carter v. Univ. of W. Virginia Sys., Bd. of Trustees*, 23 F.3d 400 (4th Cir. 1994).

### III. Discussion

As the Magistrate Judge correctly held, sanctions are clearly appropriate in this case. Plaintiff has acted in bad faith by repeatedly failing to meet discovery deadlines, even where extensions have been granted, and ignoring court orders. Defendants are further prejudiced by Plaintiff's noncompliance. Defendants are required to continue defending an action where they are unable to retrieve basic facts necessary to proceed with their defense while necessitating continuing costs and expenses associate with the lawsuit. Further, as Plaintiff's non-compliance with discovery duties and court orders has continued for over five months, the need for deterrence is significant. Finally, Plaintiff, as demonstrated by the five months of delays, has a history of proceeding in a dilatory fashion.

Therefore, the sole question before the Court is the effectiveness of less-drastic sanctions than a monetary penalty. However, here, given the protracted failures to comply with basic discovery duties and court orders, the case qualifies for the even more drastic sanction of dismissal. *See Gantt v. Maryland Div. of Correction*, 894 F. Supp. 226, 229 (D. Md. 1995) ("dismissing case and holding that "Pro se litigants... are subject to all appropriate sanctions for their misconduct.") *citing Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). The Court is also mindful that Plaintiff

is proceeding *in forma pauperis*, yet that does not negate his duty to comply with discovery deadlines and court orders.

Therefore, the Court imposes a sanction of $250.00 as a sanction for Plaintiff's conduct, to be paid no later than fifteen (15) days after this Order. However, to the extent Plaintiff does not comply with this Court Order, his case will be dismissed with prejudice.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 74) and the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Southeastern Grocers, LLC's Motion for Sanctions (Dkt. No. 66). Plaintiff is **ORDERED**, within **FIFTEEN (15) DAYS** of this Order, to remit payment to Defendant Southeastern Grocers, LLC for $250.00. To the extent Plaintiff does not comply with this Court Order, his case will be dismissed with prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 15, 2019
Charleston, South Carolina