IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Willie Frank James, Jr., | ) | Civil Action No. 2:18-cv-1031-RMG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Southeastern Grocers, LLC, Dan Faketty, Jennifer Powers, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 93) recommending that the Court deny Defendant Southeastern Grocers LLC's Motion to Dismiss for failure to comply with discovery requirements (Dkt. No. 85). For the reasons set forth below, the Court adopts the R & R as the order of the Court, denies Defendant's motion at this time, orders Plaintiff to respond to Defendant's First Request for Document Production, and extends the discovery and dispositive Motion deadlines.

**I. Background**

Plaintiff filed this employment action on April 16, 2018, alleging that his former employer, Defendant Southeastern Grocers LLC, unlawfully subjected him to unequal terms of employment and terminated him because of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Dkt. No. 1.)[1] Plaintiff is proceeding *pro se* and *in forma pauperis*. (Dkt. No. 19.) On July 15, 2019, this Court adopted a prior R & R from the Magistrate Judge and granted in part a motion for sanctions against Plaintiff for repeated failures to comply with discovery requirements. (Dkt.

---

[1] The Court previously dismissed the two individual defendants, Patrick Johnson and Jennifer Powers. (Dkt. No. 45.)

No. 76.) Plaintiff complied with the sanctions order, and remitted payment of $250 to Defendant. (Dkt. No. 80.)

Discovery closed on September 23, 2019. (Dkt. No. 81.) Shortly thereafter, Defendant again moved on October 2, 2019 for dismissal and sanctions, arguing that Plaintiff continued to fail to comply with discovery obligations. (Dkt. No. 85.) The Magistrate Judge, reviewing the record and outstanding discovery in detail, found that while Plaintiff had failed to comply with certain requirements, such as fully responding to Defendant's first request for document productions, significant progress nonetheless had been made since the Court's prior award of sanctions, such as Plaintiff appearing for his deposition and providing certain discovery materials. (Dkt. No. 93.) The Magistrate Judge therefore issued an R & R recommending that the Court deny Defendant's Motion to Dismiss, extend relevant deadlines, and order Plaintiff to fully respond to Defendant's first request for document productions within fourteen days. (*Id.*) Notably, the Magistrate Judge also included a stern warning for Plaintiff that any continued failure to comply with discovery obligations or order of this Court may result in dismissal of his case with prejudice. (*Id.* at 10 – 11.) No party has filed objections.

## II. <u>Legal Standard</u>

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). No Party filed objections and the R & R is reviewed for clear error.

### B. Sanctions

Rules 37 and 41 of the Federal Rules of Civil Procedure are part of a court's "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2014 WL 37662, at *3 (E.D. Va. Jan. 3, 2014) citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Under Rule 37, a court must determine:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). A court must apply a similar four-part test when determining whether to dismiss under Rule 41:

> (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990). The standard for Rules 37 and 41 is "virtually the same." *Carter v. Univ. of W. Virginia Sys., Bd. of Trustees*, 23 F.3d 400 (4th Cir. 1994).

### III. Discussion

As the Magistrate Judge detailed, progress has been made since the Plaintiff complied with the sanction requirement. (Dkt. No. 93.) The Court adopts in its entirety the reasoning of the Magistrate Judge and similarly adopts the directions and warnings included in the R & R directed at the Plaintiff. Namely, Rules 33 and 34 of the Federal Rules of Civil Procedure, detailing the deadlines for responding to interrogatories and document requests, both require a party to respond

to the discovery request within 30 days, absent other court order or stipulation, neither of which are present here. Plaintiff was therefore required to comply with these deadlines. Nonetheless, at this time, given the progress made in discovery and the lack of objection, the Court finds it appropriate to reopen discovery, extend the discovery and dispositive motions deadlines, permit Defendant to re-depose Plaintiff based on any newly served discovery, and order Plaintiff to fully respond to Defendant's first request for document production within fourteen days of this order. However, the Plaintiff is warned that further failures to comply with the rules regarding discovery or this Court's Orders may cause his case to be dismissed with prejudice.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 93) and **DENIES** Defendant Southeastern Grocers, LLC's Motion to Dismiss (Dkt. No. 85). Discovery is reopened and the Discovery deadline is now **December 20, 2019**, and the dispositive/*Daubert* motion deadline is now **January 20, 2019**. Finally, Plaintiff is **ORDERED** to fully respond to Defendant's First Request for Document Production within **FOURTEEN (14) DAYS** of this Order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 13, 2019
Charleston, South Carolina