# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Willie Frank James, Jr., | Civil Action No. 2:18-cv-1031-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Southeastern Grocers, LLC, Dan Faketty, Jennifer Powers, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 109) recommending that the Court deny Defendant Southeastern Grocers LLC's Renewed Motion to Dismiss for failure to comply with discovery requirements (Dkt. No. 104). For the reasons set forth below, the Court adopts the R. & R. as the order of the Court, denies Defendant's motion, orders Plaintiff to respond to Defendant's outstanding Requests for Document Production, and orders the extension of discovery. The Court modifies the R. & R. to the extent of the date by which Plaintiff must respond to Defendant's discovery requests and the date by which discovery must be completed. The Court also extends the deadline for dispositive/*Daubert* motions.

## I. Background

Plaintiff filed this employment action on April 16, 2018, alleging that his former employer, Defendant Southeastern Grocers LLC, unlawfully subjected him to unequal terms of employment and terminated him because of race in violation of Title VII of the Civil Rights Act of 1964 ("Title

VII"). (Dkt. No. 1).[1] Plaintiff is proceeding *pro se* and *in forma pauperis*. (Dkt. No. 19). On July 15, 2019, this Court adopted a prior R. & R. from the Magistrate Judge and granted in part a motion for sanctions against Plaintiff for repeated failures to comply with discovery requirements. (Dkt. No. 76). Plaintiff complied with the sanctions order, and remitted payment of $250 to Defendant. (Dkt. No. 80).

Discovery closed on September 23, 2019. (Dkt. No. 81.) Shortly thereafter, Defendant again moved on October 2, 2019 for dismissal and sanctions, arguing that Plaintiff continued to fail to comply with discovery obligations. (Dkt. No. 85.) On November 13, 2019, this Court adopted a prior R. & R. and denied Defendant's Motion to Dismiss, extended discovery deadlines, and ordered Plaintiff to fully respond to Defendant's first request for document productions within fourteen days. (Dkt. No. 96). Discovery was reopened, with the new deadline being December 20, 2019 and the dispositive/*Daubert* motion deadline being January 20, 2019. On November 11, 2019, on a motion by Defendant (Dkt. No. 98), the Court further extended the discovery deadline to January 20, 2020 and the dispositive/*Daubert* deadline to March 20, 2020. (Dkt. No. 99).

On December 5, 2019, Defendant filed a Third "Motion to Dismiss as a Sanction for Plaintiff's continued noncompliance with the [FRCP] and the Orders of This Court." (Dkt. No. 104). Plaintiff filed a response brief on January 10, 2020, (Dkt. No. 107), and Defendant filed a reply on January 17, 2020, (Dkt. No. 108). The Motion is fully briefed and ripe for review.

## II. Legal Standard

### A. Report and Recommendation

---

[1] The Court previously dismissed the two individual defendants, Dan Faketty and Jennifer Powers. (Dkt. No. 45).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). No Party filed objections and the R & R is reviewed for clear error.

**B. Sanctions**

Rules 37 and 41 of the Federal Rules of Civil Procedure are part of a court's "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2014 WL 37662, at *3 (E.D. Va. Jan. 3, 2014) *citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Under Rule 37, a court must determine:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). A court must apply a similar four-part test when determining whether to dismiss under Rule 41:

> (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990). The standard for Rules 37 and 41 is "virtually the same." *Carter v. Univ. of W. Virginia Sys., Bd. of Trustees*, 23 F.3d 400 (4th Cir. 1994).

## III. Discussion

After careful review of the R & R, the Court finds that the Magistrate Judge thoroughly addressed the issues and correctly concluded that Defendant's motion be denied.

As the Magistrate Judge detailed, in his response to the instant motion, (Dkt. No. 107), Plaintiff provided written responses to many, if not most, of Plaintiff's outstanding requests. Defendant acknowledges as much. (Dkt. No. 108 at 2) ("While Plaintiff's response finally included responses to a number of Defendant's RFP, his responses remain incomplete."). As the Magistrate Judge also noted, Plaintiff has still failed to provide written responses to several of Defendant's Requests for Production. Specifically, Plaintiff has failed to respond to Request Nos. 1, 2, 7, 10, and must respond to those requests.

Request No. 1 is for "all documents, correspondence, and communications related to any claim or allegation stated in your Complaint and Supplemental Complaint." Request No. 2. is for "all documents related to any defense stated in SEG's Answers." (Dkt. No. 85-2 at 26). In his Response, Plaintiff did not provide written answers to these two RFPs, which he must do.

Request No. 7 is for "all documents or tangible items Plaintiff submitted to, or received from, the EEOC or any state or local deferral [sic] agency concerning any charges, past or present, of discrimination, harassment, or retaliation Plaintiff has filed against any employer *other* than the Defendant." (*Id.* at 27) (emphasis added). Plaintiff must provide written responses to Request No. 7 and complete his production of any responsive documents or tangible items.

Request No. 10 is for "all documents relating to any employment (regardless of whether as an employee, independent contractor, or otherwise) that Plaintiff has held with any employer after Plaintiff's employment ended with SEG." (Dkt. No. 85-02 at 27). In his deposition, Plaintiff stated

he had not received any discipline while working at his current job as a "loss prevention manager" at Lowe's, adding "I've only gotten praises. Which I can provide, by the way." (Dkt. No. 108-1 at 5). In his Response to Defendant's current motion, however, Plaintiff, who is proceeding *pro se*, asserts that he cannot produce documents relating to his employment with Lowe's because "they would be applications that get submitted and retained by the company." (Dkt. No. 107 at 6). Under Federal Rule of Civil Procedure 45, a litigant, such as Defendant, can subpoena a third party, such as Lowe's, to obtain the documents in question. Plaintiff must produce documents responsive to Request No. 10, but both parties should bear in mind the methods by which pertinent discovery may be obtained.

Next, Defendant states Plaintiff referenced specific documents during his deposition and that Defendant requested Plaintiff produce those documents. (Dkt. No. 108-1). The documents Defendant is seeking were originally identified by Plaintiff in his "Response to Interrogatory" as pertaining to "information on people who know or have information regarding plaintiffs [sic] work history." (Dkt. No. 68). During Plaintiff's deposition, Defendant asked about said documents and Plaintiff testified he: (1) emailed and texted with Bryan Pascal and that (2) Plaintiff received an email in June 2016 from Bill Jones. Defendant asserts these documents would be responsive to Request Nos. 5, 21, and 22. Pertinently, Request No. 5 is for "all documents, audio and video recordings, and other items identified, consulted, or relief upon in drafting Plaintiff's answers to Defendant's First Set of Interrogatories to Plaintiff." (Dkt. No. 85-2 at 26).

As it pertains to the communications with Pascal, Plaintiff must produce those documents. As it pertains to the email with Jones, however, it appears Plaintiff has complied with Defendant's request because he has produced, at the least, an undated version of this document in his Response to Defendant's current motion. (Dkt. No. 107-1 at 64).

Lastly, the parties debate whether Plaintiff has produced: (a) "the full 2 hour, 51 minute, and 10 second recording of a conversation between himself and his supervisor, Patrick Johnson," and (b) "another recording of a conversation between himself, Dan Faketty, and Jennifer Powers following the termination of his employment." (Dkt. No. 108 at 4). In his Complaint, Plaintiff explicitly described the existence of both conversations. (Dkt. No. 1 at 8, 10). Defendant asserts Plaintiff has only produced "unverified transcripts" of the recordings and a four minute and fifty-four second recording of a conversation with Johnson. (Dkt. No. 108-3; Dkt. No. 108-4). Defendant asserts that such recordings would be responsive to Request Numbers 1, 5, 9, 16, 21, 26, and 29. Plaintiff, on the other hand, claims he forwarded the requested files. (Dkt. No. 107 at 5).

From the information the Court has before it, the following appears to have occurred. On October 13, 2019, Plaintiff emailed Defendant a transcript of the conversation between Faketty and Powers, which Defendant could not open and which Defendant requested Plaintiff resend as a PDF or Word document. (Dkt. No. 107-1 at 7). Plaintiff obliged and sent Defendant a PDF version of the document that evening. (Dkt. No. 108-2 at 1). While labeled "Official Dan Facketty and Jeniffer Ppages.pdf," the transcript contains no authentication and contains commentary by Plaintiff, supporting his case, embedded in the transcription. On October 25, 2019, Plaintiff emailed Defendant what purported to be a transcript in PDF format of his 2 hour 51 minute conversation with Johnson, but which is more accurately described as a list of time stamps identified at Plaintiff's discretion. (Dkt. No. 108-2 at 15-17). On October 25, 2019, Plaintiff also sent Defendant an audio file labeled "Conversation with Patrick Johnson," which was in fact a 4 minute 54 second conversation between Plaintiff and Faketty and Powers. (Dkt. No. 108-3 at 1-2). On December 9, 2019, Plaintiff emailed Defendant, sharing via Dropbox what was supposed

to be the 2 hour 51 minute conversation with Johnson. (Dkt. No. 107-1 at 13). Defendant claims it never received this last email. (Dkt. No. 108 at 4).

As the Magistrate Judge determined in the R. & R., the full recordings of both conversations must be produced. To the extent Plaintiff shared the full 2 hour 51 minute conversation with Johnson via DropBox and Defendant cannot access that file, Plaintiff, who is proceeding *pro se*, and Defendant, who is not, should work together and find reasonable means to permit Defendant to copy said conversation. The same goes for obtaining a copy of the full conversation between Plaintiff and Faketty and Powers, to the extent Plaintiff has one but has not produced it.

Plaintiff is explicitly warned that if he does not produce the documents and recordings in question, he may not be able to rely on or refer to this evidence in support of his claims at future points in this litigation. Further, if these materials are not produced, and if this case proceeds past summary judgement, Plaintiff's failure to produce this discovery could result in an adverse instruction to the jury, wherein the jury could infer facts about the missing evidence in a way that is harmful to Plaintiff's case. Fed. R. Civ. P. 37.

## IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 109) and **DENIES** Defendant Southeastern Grocers, LLC's Renewed Motion to Dismiss (Dkt. No. 104). The Court **MODIFIES** the Magistrate Judge's Report and Recommendation to the extent that the discovery deadline is now March 16, 2020. The dispositive/*Daubert* motion deadline is now April 10, 2020. Plaintiff is **ORDERED** to fully respond to Defendant's remaining Requests for Document Production within **FOURTEEN (14) DAYS** of this Order.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 18, 2020
Charleston, South Carolina