**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Willie Frank James, Jr., ) | Civil Action No. 2:18-cv-1031-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| Southeastern Grocers, LLC, Dan Faketty, ) Jennifer Powers, ) | |
| Defendants. ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 134) recommending that the Court deny Defendant's Renewed Motion to Dismiss, (Dkt. No. 116), and instead impose sanctions on Plaintiff. For the reasons set forth below, the Court adopts the R & R as the order of the Court, denies Defendant's motion, and imposes sanctions against Plaintiff.

**I.    Background**

Plaintiff filed this employment action on April 16, 2018, alleging that his former employer, Defendant Southeastern Grocers LLC, unlawfully subjected him to unequal terms of employment and terminated him because of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Dkt. No. 1).[1] Plaintiff is proceeding *pro se* and *in forma pauperis*. (Dkt. No. 19). On July 15, 2019, this Court adopted a prior R & R from the Magistrate Judge and granted in part a motion for sanctions against Plaintiff for repeated failures to comply with discovery requirements. (Dkt.

---

[1] The Court previously dismissed the two individual defendants, Dan Faketty and Jennifer Powers. (Dkt. No. 45).

No. 76). Plaintiff complied with the sanctions order, and remitted payment of $250 to Defendant. (Dkt. No. 80).

Discovery closed on September 23, 2019. (Dkt. No. 81). Shortly thereafter, Defendant again moved on October 2, 2019 for dismissal and sanctions, arguing that Plaintiff continued to fail to comply with discovery obligations. (Dkt. No. 85). On November 13, 2019, this Court adopted a prior R & R and denied Defendant's Motion to Dismiss, extended discovery deadlines, and ordered Plaintiff to fully respond to Defendant's first request for document productions within fourteen days. (Dkt. No. 96). Discovery was reopened, with the new deadline being December 20, 2019 and the dispositive/*Daubert* motion deadline being January 20, 2019. On November 11, 2019, on a motion by Defendant (Dkt. No. 98), the Court further extended the discovery deadline to January 20, 2020 and the dispositive/*Daubert* deadline to March 20, 2020. (Dkt. No. 99).

On December 5, 2019, Defendant filed a Third "Motion to Dismiss as a Sanction for Plaintiff's continued noncompliance with the [FRCP] and the Orders of This Court." (Dkt. No. 104). Plaintiff filed a response brief on January 10, 2020, (Dkt. No. 107), and Defendant filed a reply on January 17, 2020, (Dkt. No. 108). On January 21, 2020, the Magistrate Judge issued a prior R & R, (Dkt. No. 109), which this Court adopted on February 18, 2020, (Dkt. No. 112). The Court denied Defendant's renewed motion to dismiss but required Plaintiff comply with all remaining discovery requests within fourteen (14) days or risk sanctions. Specifically, the Court directed Plaintiff to provide Defendant with the following by March 3, 2020: (1) Plaintiff's written responses to Defendant's Requests for Production Numbers 1, 2, 7, and 10; (2) Plaintiff's document production in response to Requests for Production Numbers 7 and 10; (3) certain correspondence between Plaintiff and Bryan Pascal; (4) the full audio recording of a conversation between Plaintiff and Patrick Johnson; (5) and the full audio recording of a conversation between

Plaintiff, Dan Faketty, and Jennifer Powers (collectively the "outstanding discovery requests"). The Court extended the discovery deadline to March 16, 2020 and the dispositive motion deadline to April 10, 2020. (*Id.* at 7).

On March 4, 2020, Defendant filed the instant, fourth Renewed Motion to Dismiss alleging that Plaintiff had failed to comply with the Court's February 18, 2020 Order. (Dkt. No. 116). On March 12, 2020, the Magistrate Judge issued an order which, *inter alia*, directed Plaintiff to fully comply with the outstanding discovery requests by March 26, 2020 and held in abeyance resolution of Defendant's renewed Motion to Dismiss until at least April 1, 2020, at which time Defendant was ordered to file a Status Report. (Dkt. No. 120).

On March 16, 2020, Plaintiff filed an opposition to Defendant's Renewed Motion to Dismiss. (Dkt. No. 122). Plaintiff attached an exhibit showing Defendant had received the full recording between himself and Patrick Johnson, (Dkt. No. 122-1), but otherwise failed to justify or explain his non-compliance with this Court's February 18, 2020 Order.[2]

On April 13, 2020, Defendant filed a Reply on its Renewed Motion to Dismiss. Defendant acknowledged Plaintiff had produced the full audio recording of the conversation between Plaintiff and Patrick Johnson. Defendant stated, however, that Plaintiff had still not responded to the outstanding discovery requests. (Dkt. No. 128).

On April 20, 2020, Defendant filed a Status Report in reference to its Renewed Motion to Dismiss, again asserting Plaintiff had failed to produce the outstanding discovery, and again requesting the instant action be dismissed. (Dkt. No. 133 at 2).

---

[2] On March 16, 2020, the same day Plaintiff filed his opposition, Chief Judge Harwell issued a Standing Order extending all deadlines in civil cases by 21 days. (Dkt. No. 123). Accordingly, the discovery deadline referenced in the Court's March 12, 2020 Order was extended to April 16, 2020.

On April 21, 2020, the Magistrate Judge filed an R & R, recommending Defendant's renewed Motion to Dismiss be denied, but recommending sanctions against Plaintiff. Namely, the Magistrate Judge recommend that Plaintiff be barred from relying on any documentation requested by but not produced to Defendant. (Dkt. No. 134). Plaintiff filed timely objections to the R & R. (Dkt. No. 151). Defendant's motion is fully briefed and ripe for disposition.

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Plaintiff filed objections and the R & R is reviewed for clear error.

### B. Sanctions

Rules 37 and 41 of the Federal Rules of Civil Procedure are part of a court's "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2014 WL 37662, at *3 (E.D. Va. Jan. 3, 2014) *citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Under Rule 37, a court must determine:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the

> particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). A court must apply a similar four-part test when determining whether to dismiss under Rule 41:

> (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990). The standard for Rules 37 and 41 is "virtually the same." *Carter v. Univ. of W. Virginia Sys., Bd. of Trustees*, 23 F.3d 400 (4th Cir. 1994); *Cooper v. Spartanburg Sch. Dist. 7*, No. 715CV03072JMCJDA, 2017 WL 9289401, at *4 (D.S.C. Feb. 24, 2017), *adopted by* 2017 WL 4021084 (D.S.C. Sept. 12, 2017) (same).

### III.   Discussion

After a careful review of the R & R and Plaintiff's objections, the Court finds that the Magistrate Judge thoroughly addressed the issues and correctly concluded that, while Defendant's motion should be denied, sanctions are appropriately imposed on Plaintiff for his non-compliance in responding to the outstanding discovery requests. *See* Fed. R. Civ. P. 37; Fed. R. Civ. P. 41. Plaintiff filed Objections to the R & R, but the Court overrules them. (Dkt. No. 151).[3]  The Magistrate Judge correctly observed that the record demonstrates Plaintiff has largely responded to Defendant's Requests for Production and has generally been an active, though sometimes dilatory, participant in this action. The Magistrate Judge also accurately noted that, except for the recording of the conversation between himself and Patrick Johnson, Plaintiff has not responded to

---

[3] Plaintiff's objections repeat arguments raised before and rejected by the Magistrate Judge. The Court will not address Plaintiff's objections further because the Court agrees with and adopts the R & R, which fully explains why these arguments should be rejected.

the outstanding discovery requests this Court ordered Plaintiff respond to in its February 18, 2020 Order. Therefore, the Court finds that while dismissal of Plaintiff's action is not warranted, *see Cooper*, 2017 WL 9289401 (dismissing action where *pro se* plaintiff failed to provide substantive responses to any of defendant's discovery requests, effectively refused to be deposed, and generally showed a pattern of "indifference and disrespect" for the orders of the court and for the FRCP), lesser sanctions are, (Dkt. No. 134 at 8-9). Namely, Plaintiff will not be allowed to rely on or refer to as evidence to support his claims: (1) evidence which would have been responsive to Defendant's Requests for Production Numbers 1, 2, 7, and 10; (2) that certain correspondence between Plaintiff and Bryan Pascal; (3) and the conversation between Plaintiff, Dan Faketty, and Jennifer Powers, which Plaintiff claimed to have a recording of.

Further, Plaintiff is again warned that should this case proceed past summary judgment, his failure to have produced the outstanding discovery may result in an adverse instruction to the jury, wherein the jury could infer facts about the missing evidence in a way that is adverse to Plaintiff's case.

**IV.  Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 134), **IMPOSES** the sanctions against Plaintiff Willie Frank James, Jr. as described in the Report and Recommendation, and **DENIES** Defendant Southeastern Grocers, LLC's Renewed Motion to Dismiss (Dkt. No. 116).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

May 20, 2020
Charleston, South Carolina